Jamie Bame (NM Bar No. 164601)
jbame@wnlaw.com
Collin D. Hansen (UT #18949)
chansen@wnlaw.com
Jeremy S. Pratt (UT #20341)
jpratt@wnlaw.com
**WORKMAN NYDEGGER**
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Plaintiff Ozma LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| OZMA LLC,<br><br>Plaintiff,<br><br>vs.<br><br>WESTB LIMITED LIABILITY COMPANY,<br><br>Defendant. | Case No: 1:26-cv-3521<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>District Judge:<br>Magistrate Judge:<br><br>**DEMAND FOR JURY TRIAL** |

Ozma LLC (hereinafter, "Plaintiff" or "Ozma"), by and through its undersigned counsel, hereby complains and alleges against Defendant WESTB Limited Liability Company (hereinafter, "Defendant" or "WESTB") as follows:

## THE PARTIES

1. Ozma is a Utah limited liability company with its principal place of business in Draper, Utah.

2. On information and belief, Defendant WESTB Limited Liability Company is a New Mexico limited liability company.

**NATURE OF THE CLAIMS**

3. This is a patent infringement action arising under 35 U.S.C. 271. Ozma brings this action to enjoin WESTB from infringing its patent and to recover damages adequate to compensate for its infringement.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Ozma's claims under 28 U.S.C. §§ 1331 and 1338(a) because this is a patent infringement action and arises under the patent laws of the United States, Title 35, Sections 271 et seq. of the United States Code.

5. This Court has personal jurisdiction over WESTB because WESTB is a New Mexico limited liability company, and it sells and ships products in, among other places, New Mexico.

6. Venue is proper in the United States District Court for the District of New Mexico under 28 U.S.C. § 1400(b) because Defendant is organized under the laws of New Mexico and therefore resides in this District for purposes of patent venue.

**BACKGROUND**

*Ozma and the Asserted Patent*

7. Ozma is a family-owned business specializing in innovative blanket fort construction systems designed to make fort building easier, safer, and more enjoyable for children and families. Ozma has developed innovative products and technologies, including its Tote-a-Fort

system, that simplify the assembly of blanket-based structures while improving their stability, versatility, and ease of use.




www.toteafort.com

8. Traditionally, blanket forts have been constructed using household blankets, furniture, and various objects to secure the blankets in place. These makeshift structures can be difficult for children to assemble, prone to collapse, and often require the use of heavy or otherwise unsuitable household objects to maintain their stability.

9. Recognizing these challenges, Ozma sought to develop an innovative solution that would make building blanket forts easier, safer, and more enjoyable for children and families. In particular, Ozma recognized the need for a versatile fort-building system that would allow children to construct and modify blanket-based structures without relying on household blankets, cumbersome building sets, or potentially hazardous objects to secure the structures in place.

10. To address these challenges, Ozma developed innovative systems and technologies for assembling and modifying blanket-based structures, including its Tote-a-Fort system. These

innovations include specialized attachment mechanisms, connection features, and selectively attachable weights designed to facilitate the assembly, configuration, and stability of blanket-based structures. Ozma's intellectual property includes U.S. Patent No. 10,433,662 (the "'662 Patent" or the "Asserted Patent"), which protects certain aspects of these innovative systems and technologies.

11. The Asserted Patent has been validly assigned to Ozma. Ozma is the owner by assignment of all rights, title, and interest in the Asserted Patent, including the right to sue for and recover damages for past, present, and future patent infringement.

12. The '662 Patent is entitled, "Blanket-Based Structures." A copy of the '662 Patent is attached hereto as Exhibit A.

13. The '662 Patent describes systems and kits for assembling or modifying blanket-based structures, including an enclosure element having attachment mechanisms, eyelets, and selectively attachable weights that facilitate the construction of blanket forts and similar structures. *See* '662 Patent Fig. 1.




FIG. 1

14. Claim 1 of the ’662 Patent reads as follows:

> **1.** A system for assembling or modifying a blanket-based structure, comprising:
>
> an enclosure element, wherein the enclosure element comprises:
>
> > one or more attachment mechanisms fixedly attached to the enclosure element, the one or more attachment mechanisms configured to detachably associate with one or more environmental structures;
> >
> > a plurality of eyelets disposed adjacent to the perimeter of the enclosure element; and
> >
> > one or more weights selectively attachable to the enclosure element by one or more securing straps at one or more of: the attachment mechanisms, the plurality of eyelets, or combinations thereof, such that the one or more weights are configured to be suspended from the perimeter of the enclosure element by the one or more securing straps.

15. Ozma’s Tote-a-Fort products practice at least one embodiment of the invention claimed in the Asserted Patent.

16. Ozma’s Tote-a-Fort products offer consumers several tangible benefits. First, these products simplify the construction of blanket forts by providing a versatile system that allows children and families to assemble and modify blanket-based structures without relying on household blankets or cumbersome building sets. Second, these products improve the stability of blanket forts through innovative attachment mechanisms and selectively attachable weights, reducing the likelihood that the structures will collapse during use. Third, these products reduce the need for potentially hazardous household objects, such as heavy books and dumbbells, traditionally used to secure blankets in place. These features make fort building easier, safer, and more enjoyable for children and families while encouraging creative and imaginative play.

17. These products, and the benefits they offer consumers, have helped Ozma gain its status as a market leader in the blanket fort building space.

*WESTB Infringes the Asserted Patent*

18. Upon information and belief, WESTB has made, used, sold, offered for sale, and/or imported blanket fort building kits, including, but not limited to, the product identified by UPC 756190700762 and other substantially similar products (collectively, the "Accused Products"), which directly compete with Ozma's Tote-a-Fort products. Upon information and belief, WESTB offers and sells the Accused Products through various online marketplaces, including eBay. Example product photos from the listings for these products are attached as Exhibit B.

19. The Accused Products directly infringe one or more claims of the '662 Patent, including at least Claim 1, either literally or under the doctrine of equivalents. For purposes of illustration, Claim 1 is representative of the claims infringed by the Accused Products. The following claim chart identifies the limitations of Claim 1 and provides representative examples of how the identified Accused Product satisfies each limitation.

| **Claim 1 of the '662 Patent** | **Accused Product**<br>(UPC: 756190700762) |
|---|---|
| 1. **A system for assembling or modifying a blanket-based structure**, comprising: | The Accused Product comprises a system for assembling or modifying a blanket-based structure.<br> |
| an **enclosure element**, wherein the enclosure element comprises: | The Accused Product includes an enclosure element. |

| | |
|---|---|
| |  |
| one or more **attachment mechanisms fixedly attached to the enclosure element, the one or more attachment mechanisms configured to detachably associate with one or more environmental structures**; | The Accused Product includes attachment mechanisms configured to detachably associate with environmental structures.  |
| a plurality **of eyelets disposed adjacent to the perimeter of the enclosure element**; and | The Accused Product includes a plurality of eyelets disposed adjacent to the perimeter of the enclosure element.  |
| one or more **weights** selectively attachable to the enclosure element | The Accused Product includes weights selectively attachable to the enclosure element by securing straps, |

| | |
|---|---|
| by one or more **securing straps at one or more of: the attachment mechanisms, the plurality of eyelets**, or combinations thereof, such that the one or more weights are **configured to be suspended from the perimeter of the enclosure element by the one or more securing straps**. | configured to suspend the weights from the perimeter of the enclosure element.  |

20. To the extent any limitation of any asserted claim of the ’662 Patent is not literally satisfied by any of the Accused Products, such limitation is satisfied under the doctrine of equivalents because any differences between the Accused Products and the corresponding claim limitation are insubstantial, and the Accused Products perform substantially the same function, in substantially the same way, to achieve substantially the same result as the claimed limitation.

21. Because WESTB’s Accused Products directly compete with Ozma’s patented products, WESTB’s infringement has caused and continues to cause lost profits, diverted sales, and loss of market share. WESTB’s sales of the Accused Products have diverted sales that otherwise would have been made by Ozma. Ozma’s immediate, irreparable injuries have no adequate remedy at law.

**COUNT I: Infringement of the ’662 Patent**

22. Ozma incorporates the foregoing paragraphs by reference.

23. The ’662 Patent is valid and enforceable.

24. WESTB has directly infringed and continues to infringe claims of the ’662 Patent under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing the Accused Products without authority, consent, right, or license.

25. Unless enjoined by this Court, WESTB will continue to infringe the ’662 Patent and as a direct result, Ozma will continue to suffer harm, including irreparable harm for which there is no adequate remedy at law. Accordingly, Ozma is entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283, damages pursuant to 35 U.S.C. § 284, and all other relief to which it may be entitled.

## PRAYER FOR RELIEF

Wherefore, Ozma respectfully prays that the Court enter judgment in its favor and award the following relief against Defendant:

A. A judicial determination and declaration that the Asserted Patent is valid and enforceable;

B. A judgment that WESTB has infringed one or more claims of the ’662 Patent literally and/or under the doctrine of equivalents;

C. An order permanently enjoining WESTB and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting on behalf of or in active concert or participation therewith, from further infringement of the ’662 Patent;

D. An award of damages adequate to compensate Ozma for WESTB’s infringement under 35 U.S.C. § 284, including lost profits and/or a reasonable royalty, together with interest and costs as provided by law;

E. Costs and expenses incurred in this action;

F. An award of prejudgment and post-judgment interest on Ozma's damages; and

G. Such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Ozma LLC hereby demands trial by jury on all issues so triable.

DATED October 20, 2026.

Respectfully submitted,

WORKMAN NYDEGGER

By: /s/ *Jamie Bame*
JAMIE BAME
COLLIN D. HANSEN
JEREMY S. PRATT

*Attorneys for Plaintiff Ozma LLC*